UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Former Employees of Washington Mutual Bank v. FDIC as Receiver for Washington Mutual Bank, et al. | **Master File No. C09-0504 RAJ** |
| BARBARA A. POTASHNICK, individually, | NO. |
| Plaintiff, | COMPLAINT |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff BARBARA A. POTASHNICK, brings this cause of action against Defendants FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank and in its corporate capacity, allege as follows:

### I. PARTIES

1. Washington Mutual Bank ("Washington Mutual"), at all times material to the allegations in this complaint, was an entity headquartered and with its principal place of business in Seattle, Washington. Washington Mutual is not made a party to this

COMPLAINT- 1

suit because it has been dissolved and placed into receivership with the Federal Deposit Insurance Corporation ("FDIC").

2. Upon information and belief, the Federal Deposit Insurance Corporation (FDIC) is a corporation and agency of the United States Government, with its principal place of business in the District of Columbia, and at all times material, is the successor and receiver for Washington Mutual. FDIC is made a defendant herein both as a receiver for Washington Mutual ("FDIC-Receiver") and in its corporate capacity ("FDIC-Corporate").

3. Plaintiff BARBARA A. POTASHNICK is an individual currently residing in King County, Washington. Ms. Potashnick was an employee of Washington Mutual in Seattle, Washington at all material times.

## II. JURISDICTION AND VENUE

4. The United States District Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 12 U.S.C. §1821 AND 28 U.S.C. § 1346.

5. This Court has personal jurisdiction over all the parties.

6. Venue is proper pursuant to 28 U.S.C. 1391(e).

7. Venue is proper pursuant to 29 U.S.C. § 1332(e) and 28 U.S.C. § 1391.

8. Venue is proper pursuant to 12 U.S.C. § 1819(b)(2)(a) and 1821 (d)(6).

9. Plaintiff has complied with all procedural and administrative prerequisites to filing suit by presenting a claim to the FDIC which has been denied.

10. Venue is proper pursuant to 28 U.S.C. § 2201.

COMPLAINT- 2

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660

### III. FACTUAL BACKGROUND

11.  Plaintiff Barbara Potashnick entered into a binding contract with Washington Mutual (the "contract") which contained a provision referred to as a "change in control" clause. The change in control clause provided for a lump sum payment to Plaintiff if Washington Mutual underwent a change in control.

12.  According to the FDIC's website, "On September 25, 2008, the banking operations of Washington Mutual, Inc - Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT (Washington Mutual Bank) were **sold** in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC)."   (Emphasis added.)

13.  On or about September 25, 2008, Washington Mutual underwent a change in control.

14.  Alternatively, in 2008, Washington Mutual underwent a change in control pursuant to the TPG investment.

15.  Plaintiff fully performed all of her obligations under the contract.

16.  Pursuant to that certain Purchase and Assumption Agreement, *See* [http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf](http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf), FDIC retained the Washington Mutual liabilities to the Washington Mutual employees, including payment of employee contracts.

17.  Plaintiff timely filed claims with the FDIC to recover funds due and owing based upon her employment with Washington Mutual.

18.  The FDIC breached Plaintiff's employment contract by refusing to honor Plaintiff's claims.

COMPLAINT- 3

19. Plaintiff has been individually damaged by the wrongful conduct of the FDIC.

20. The FDIC improperly disaffirmed Plaintiff's contract on the basis that the undertaking was burdensome and that disaffirmance would promote the orderly administration of the FDIC's affairs. In fact, the disaffirmance decision was revenue-neutral to the FDIC and entailed no additional expense to the FDIC.

21. The Federal Deposit Insurance Act states that the FDIC "[s]hall pay all valid obligations of the insured depository institution .... " 12 U.S.C. § 1821(d)(2)(H).

22. The Federal Deposit Insurance Act further obligates the FDIC to "allow any claim received on or before the date specified in the notice published under paragraph (32)(B)(i) by the receiver from any claimant which is proved to the satisfaction of the receiver." 12 U.S.C. § 1821(d)(5)(B).

## IV. FIRST CAUSE OF ACTION: **BREACH OF CONTRACT**

23. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

24. Plaintiff had a binding agreement with Washington Mutual which included a change in control clause.

25. Plaintiff had a binding agreement with Washington Mutual which provided for the funding of Plaintiff's retirement account, commonly referred to as the SERAP.

26. In or about September 2008, Washington Mutual underwent a change in control event.

COMPLAINT- 4

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98101
(206) 652-8660

27.     The Federal Deposit Insurance Corporation ("FDIC") is a corporation and agency of the United States that acted as the successor and receiver for Washington Mutual.

28.     The FDIC breached Plaintiff's contract by refusing to honor the change in control provisions and refusing to pay the liability due thereunder.

29.     The FDIC breached Plaintiff's contract by refusing to fund her retirement account.

## V.  SECOND CAUSE OF ACTION: EQUITABLE ESTOPPEL

30.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

31.     Washington Mutual made representations to Plaintiff that she would receive a change of control payment in the event that her employment was terminated.

32.     The FDIC, as successor in interest to Washington Mutual, contradicted and repudiated the representations to Plaintiff that she would receive a change of control payment in the event that her employment was terminated.

33.     As a result of the FDIC's contradiction and repudiation, Plaintiff was damaged.

34.     The FDIC's contradiction and repudiation of Plaintiff's change of control and retirement benefits would result in a manifest injustice with no impairment of the exercise of government functions.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

COMPLAINT- 5

35. Judgment against Defendant for direct and consequential damages in an amount to be determined at trial;

36. Attorney's fees and costs;

37. For such other and further relief as this court deems just and equitable.

## VII.  JURY TRIAL DEMAND

38. Plaintiff and the members demand trial by jury of 12 pursuant to Fed. R. Civ. P 38 upon all issues.

DATED: this 20th day of November 2009.

                    BRESKIN JOHNSON & TOWNSEND, PLLC

By: s/Roger Townsend  
Roger Townsend, WSBA # 25525  
Daniel Foster Johnson, WSBA # 27848  
BRESKIN JOHNSON & TOWNSEND PLLC  
1111 Third Avenue, Suite 2230  
Seattle, WA 98101  
206-652-8660  
206-652-8690 (fax)  
rtownsend@bjtlegal.com  
Attorneys for Plaintiff

COMPLAINT- 6

LAW OFFICES  
BRESKIN JOHNSON & TOWNSEND PLLC  
1111 THIRD AVENUE, SUITE 2230  
SEATTLE, WASHINGTON 98101  
(206) 652-8660