The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| *In re Former Employees of Washington Mutual Bank v. FDIC as Receiver for Washington Mutual Bank, et al* | Master File No. C09-0504 RAJ |
| BARBARA A. POTASHNICK, individually, Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; FEDERAL DEPOSITION INSURANCE CORPORATION in its corporate capacity, Defendants. | No. C09-1666 RAJ<br><br>POTASHNICK STATEMENT OF POSITION RE CONSOLIDATION INTO MASTER FILE NO. C09-0504 RAJ |

Plaintiff Barbara A. Potashnick respectfully files this statement in response to an inquiry from the Court regarding whether the parties could consent to consolidate the present lawsuit into Master File No. C09-0504 RAJ, transmitted via email on Monday, March 1. As the Court is aware, Ms. Potashnick's window for initiating the present lawsuit post-dated that of the other Plaintiffs in Master File No. C09-0504 RAJ. Thus, Ms. Potashnick was not a party to the FDIC's Motions to Dismiss. In fact, the FDIC filed an answer to her complaint on February 1, 2010. Nonetheless, Ms. Potashnick offered to stipulate to apply the Court's Stipulation and Order Consolidating Cases For

POTASHNICK STATEMENT
REGARDING CONSOLIDATION
No. C09-1666 RAJ - 1

**BRESKIN JOHNSON & TOWNSEND PLLC**
1111 - 3rd Avenue, Suite 2230
Seattle, WA 98101
Ph. (206) 652-8660 Fax (206) 652-8290

1   Pre-trial Purposes dated September 2, 2009 (Master File No. C09-0504 RAJ; Dkt. 71) to
2   her case, No. C09-1666 RAJ, subject to the proviso that it would not prevent any party
3   from asserting any claim and defense.  The FDIC rejected the proposed stipulation.
4   However, this proviso was necessary in order to preserve her right to present argument
5   and defenses to the FDIC's Motions that she did not have an opportunity to raise and to
6   preserve any claims that were not addressed in the FDIC's Motions.  However, in light
7   of the recent request from the Court, Ms. Potashnick does not object to consolidation,
8   subject to the following:

9       1.    Ms. Potashnick should not be bound by any claimed admissions made by
10  other plaintiffs in the Consolidated Action and respectfully requests that the Court
11  consider the facts alleged in her Complaint in determining the merits of the FDIC's
12  Motions.

13      2.    12 C.F.R. 563.39 does not bar Plaintiff's claims.  The provision the FDIC
14  seeks to apply is the "automatic termination of employment agreements"[1] preventing
15  payment of employment benefits that are not vested at the time of seizure, which the
16  FDIC contends was triggered by the receivership.  *See* 12 C.F.R. 563.39 (all obligations
17  under the contract shall terminate as of the date of default, but this paragraph (b)(4)
18  shall not affect any *vested*[2] *rights* of the contracting parties)(emphasis added).  Under
19  the regulation this provision was required to be in any contract that was an employment
20  contract. As acknowledged by the FDIC, this provision was not included in any of the
21  Plaintiff's Change-in-Control Agreements.  *See* Potashnick Change in Control
22  Agreement attached as Exhibit A[3].  For the Court to apply 12 C.F.R. 563.39 to bar

---

[1] It is again submitted that the change in control agreements are not employment contracts, and therefore the regulation does not apply.  However, even if the Court determines that the Change-in-Control agreements are employment contracts, the regulation does not apply.

[2] Like the other plaintiffs, Ms. Potashnick asserts that her contractual rights to a change-in-control benefit were vested.

[3] This omission is further proof that the Change-in-Control Agreements were not intended to be employment contracts. It is submitted that Washington Mutual's regulators also knew and accepted the fact that this provision was not included in the agreements since they were not considered employment contracts.

POTASHNICK STATEMENT
REGARDING CONSOLIDATION
No. C09-1666 RAJ - 2

**BRESKIN JOHNSON & TOWNSEND PLLC**
1111 - 3rd Avenue, Suite 2230
Seattle, WA 98101
Ph. (206) 652-8660 Fax (206) 652-8290

Plaintiff's claims, it can only do so as an implied term of the contract. However, the Change-in-Control Agreement contains express language that contemplates that change-in-control benefits are available in the event of a government seizure and receivership,

> the sale or transfer (in one transaction or a series of related transactions) of all or substantially all of the Company's assets to another Person (other than a Subsidiary) whether assisted or unassisted, voluntary or <u>involuntary</u>.

*See* Exhibit A at ¶ 5[4].

Thus, the Court is faced with weighing the FDIC's contention that the implied term of a contract under 12 CFR 563.39 should control over the express term of the Change-in-Control Agreement providing that a change-in-control event occurs upon the involuntary seizure of Washington Mutual by the FDIC. It is a well-settled contract interpretation maxim that the express term of a contract manifesting the parties' intent at the time of contract trumps the general implied term not intended to be included in the contract by the parties. *See* <u>Adler v. Fred Lind Manor</u>, 153 Wn.2d 331 (Wash. 2004) (quoting 2 Restatement (Second) Of Contracts § 203(c) (1981)) (It is a well-known principle of contract interpretation that "specific terms and exact terms are given greater weight than general language."); *see also* <u>Berg v. Hudesman</u>, 115 Wn.2d 657, 663 (1990) ("The purpose of contract interpretation is to determine the intent of the parties."); <u>Hearst Commc'ns, Inc. v. Seattle Times Co.</u>, 154 Wn.2d 493, 503 (2005) ("[W]e attempt to determine the parties' intent by focusing on the objective manifestations of the agreement."). Therefore, the Court should apply the express term of the contract as intended by the parties and hold that payments under the Change-In-Control Agreement are available when the bank was *involuntarily* seized by the FDIC.

3. Ms. Potashnick has pled a claim that was not addressed in the FDIC's motion to dismiss. In her complaint it is alleged that "[p]laintiff had a binding agreement with Washington Mutual which provided for the funding of Plaintiff's

---

[4] It is believed that further evidence would show that the parties' intent that government seizure and receivership would trigger change-in-control compensation.

POTASHNICK STATEMENT
REGARDING CONSOLIDATION
No. C09-1666 RAJ - 3

**BRESKIN JOHNSON & TOWNSEND PLLC**
1111 - 3rd Avenue, Suite 2230
Seattle, WA 98101
Ph. (206) 652-8660 Fax (206) 652-8290

1  retirement account, commonly referred to as the SERAP" and that "[t]he FDIC
2  breached Plaintiff's contract by refusing to fund her retirement account."  This claim
3  does not involve one of the "[t]here types of agreements …at issue here—Change-In-
4  Control Agreements, Severance Plan Agreements, and  Retention Agreements"
5  Receiver's Motion to Dismiss p. 5.  Rather, it is a claim that the FDIC assumed the
6  obligation of Washington Mutual to make payments into a retirement fund and breached
7  that obligation.  Since the FDIC did not move to dismiss this claim, it is not subject to a
8  pending Fed. R. Civ. P. 12 motion.

    Subject to the foregoing points, Ms. Potashnick consents to consolidation.

    DATED this 5th day of March, 2010.

                             BRESKIN JOHNSON & TOWNSEND PLLC

                             By: *Roger M. Townsend* (signature)
                                   Roger M. Townsend, WSBA#25525
                                   Attorney for Barbara Potashnick

POTASHNICK STATEMENT
REGARDING CONSOLIDATION
No. C09-1666 RAJ - 4

BRESKIN JOHNSON & TOWNSEND PLLC
1111 - 3rd Avenue, Suite 2230
Seattle, WA 98101
Ph. (206) 652-8660 Fax (206) 652-8290

**CERTIFICATE OF SERVICE**

I, Amber Siefer, hereby certify that on March 5, 2010, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the CM/ECF system:

I certify that all participants in the case are registered CF/ECF users and that service will be accomplished by the CM/ECF system.

DATED this 5th day of March, 2010.

/s/ Amber Siefer
Amber Siefer, Legal Assistant

POTASHNICK STATEMENT
REGARDING CONSOLIDATION
No. C09-1666 RAJ - 5

**BRESKIN JOHNSON & TOWNSEND PLLC**
1111 - 3rd Avenue, Suite 2230
Seattle, WA 98101
Ph. (206) 652-8660 Fax (206) 652-8290